IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHOUPIETE P. CASSEUS,

    Petitioner,

v.                                                                           CASE NO. 1:11-cv-4-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2004 Alachua County convictions for first degree murder, robbery, and sexual battery. Doc. 1. Now pending before the Court is Respondent's motion to dismiss the Petition as time-barred. Doc. 11. Petitioner has responded to the motion and contends the one year time bar under AEDPA does not apply to him because the judgment and conviction against him are not valid on their face. Doc. 14. Upon due consideration, and for the following reasons, the undersigned recommends that the motion to dismiss be granted.

### One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. 28 U.S.C. § 2244(d). The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *Id.* § 2244(d)(1)(A). The

one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  *Id.* § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Procedural History

The state-court procedural history of Petitioner's case is summarized in the Respondent's motion, and Petitioner does not contest the accuracy of that summary. On November 10, 2004 Petitioner was convicted of first degree murder, robbery and sexual battery.  Exh. D.  He was sentenced to life in prison that same day, but then was resentenced on December 20, 2004.  Exh. E.  Petitioner appealed his conviction and sentence to the First District Court of Appeal on January 21, 2005, which affirmed *per curiam* without a written opinion on April 20, 2006.  Exhs. F, G and H.  On May 9, 2007, Petitioner filed a Motion To Allow Credit For Time Served in the Alachua County Jail, which the trial court denied on May 18, 2007.  Exhs. I and J.  Petitioner did not appeal the trial court's denial of this motion.

On June 5, 2007, Petitioner filed a motion to correct illegal sentence, which the trial court denied on December 10, 2007.  Exhs. K and L.  On January 7, 2008 Petitioner filed a motion for postconviction relief in the state trial court.  Exh. M at 1-107. The state trial court denied Petitioner's postconviction motion on June 4, 2008.  *Id.* at 108-88.  Petitioner appealed the denial of his postconviction motion to the First District Court of Appeal on June 25, 2008.  *Id.* at 189.  The First District Court of Appeal affirmed the denial of Petitioner's postconviction motion *per curiam* without a written opinion on April 17, 2009.  Exh. O.

On June 29, 2009, Petitioner filed what he styled as an application for a writ of habeas corpus in the state trial court. Exh. P at 1-76. The trial court construed this application for a writ of habeas corpus as a second motion for postconviction relief and denied the motion on August 9, 2010 as untimely. *Id.* at 82-85. Petitioner appealed the denial of this application for a writ of habeas corpus to the First District Court of Appeal on August 19, 2010. *Id.* at 86-89. The First District Court of Appeal affirmed the state trial court's denial of Petitioner's application for a writ of habeas corpus *per curiam* without a written opinion on October 12, 2010. Exh. Q. Petitioner filed a motion for rehearing on October 26, 2010, which was denied by the First District Court of Appeal on November 23, 2010. Exhs. R and S. Petitioner then submitted the instant federal habeas petition to prison officials for mailing on January 10, 2011. (Doc. 1.)

## Discussion

Petitioner's conviction became final on or about July 19, 2006, when the 90-day period for filing a writ of certiorari to the United States Supreme Court expired after the First District Court of Appeal's affirmance *per curiam* without opinion of his direct appeal on April 20, 2006. *Nix v. Sec'y, Fla. Dept. Of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004). The record reflects that Petitioner sought no further relief in state court from July 19, 2006 until May 9, 2007, 294 days later, when he filed a motion for credit for time served in the Alachua County Jail, which the state trial court denied on May 18, 2007, and the denial of which Petitioner did not appeal. Exhs. H and I. Accordingly, 294 days of Petitioner's one year statute of limitations period elapsed between July 19, 2006 and May 9, 2007.

Petitioner then filed his first state postconviction motion in the state trial court on

January 7, 2008, which was denied by the trial court on June 25, 2008 and then affirmed *per curiam* without written opinion by the First District Court of Appeal on April 17, 2009.  On June 29, 2009, Petitioner filed what he styled as an application for a writ of habeas corpus in the state trial court, which the state trial court deemed a second state postconviction motion and denied as untimely.  Exh. P at 1-76, 82-85.  The First District Court of Appeal affirmed the denial of Petitioner's application for a writ of habeas corpus *per curiam* without a written opinion on October 12, 2010 and denied Petitioner's motion for rehearing on November 23, 2010.  Exhs. Q, R and S.

      The United States Supreme Court has made clear that a state post-conviction petition that is dismissed as untimely under state law is not "properly filed," and thus does not toll AEDPA's one year statute of limitations.  *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Webster v. Moore*, 19 F.3d 1256, 1258-59 (11th Cir. 2000).  Accordingly, even assuming Petitioner's one year statute of limitations period was tolled for the entire period between May 9, 2007, when Petitioner filed his Motion To Allow Credit For Time Served in the Alachua County Jail, and April 17, 2009, when the denial of Petitioner's first postconviction motion was affirmed by the First District Court of Appeal, the Petition would still be untimely.[1]  The time period during which Petitioner's state application for a writ of habeas corpus, which the trial court construed as a

---

[1] The Court notes the filing of the motion for credit for time served in the Alachua County Jail likely would not have tolled the statute of limitations period, as that motion likely did not qualify as an "application for State post-conviction or other collateral review" that would operate to toll the one year statute of limitations period under 28 U.S.C. § 2244(d)(2).  *See, e.g., Frazier v. Johnson,* No. 3:09cv119, 2010 WL 2553729, at *3-*4 (E.D. Va. June 24, 2010)(state motions for sentence reduction do not toll the one year statute of limitations period for section 2254 petitioners).

*Case No: 1:11-cv-4-MP-GRJ*

second, untimely state postconviction motion, was pending would not toll the one year limitations period pursuant to *Pace v. DiGuglielmo*, as it was deemed untimely under state law.

Accordingly, it is clear the Petition is time-barred. Six Hundred Thirty-Three (633) days passed between April 17, 2009 – the date the First District Court of Appeal affirmed the denial of Petitioner's first state postconviction motion – January 10, 2011, the date Petitioner filed his petition in this case. Additionally, 294 days of the one year limitations period had elapsed between the date Petitioner's conviction became final on July 17, 2006 and May 9, 2007, the date he filed a motion for credit for time served in the Alachua County Jail. In all, 927 days elapsed between the date Petitioner's state court convictions became final and the date he filed the petition in this case.

Petitioner makes no argument that he is entitled to any tolling of the limitations period, but simply argues that the limitation period does not apply to him because his judgment and conviction are not valid on their face. Doc. 14. This is not a valid excuse for his failure to file the Petition within the one year statute of limitations period set forth in AEDPA. The petition is therefore due to be dismissed as time-barred.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the motion to dismiss the petition as time-barred, Doc. 11, be **GRANTED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** this 24th day of February 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**